Filed 4/16/26  Marriage of Saedi v. Kadivar CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re Marriage of HOUMAN SAEDI and KHADIJEH KADIVAR. | B347642 (Los Angeles County Super. Ct. No. 19STFL00117) |
| HOUMAN SAEDI, Respondent, v. STEPHANIE KADIVAR, Appellant. | ORDER MODIFYING OPINION CHANGE IN JUDGMENT |

THE COURT:

On the court's own motion and good cause appearing,

IT IS HEREBY ORDERED that the opinion filed herein on April 14, 2026, be modified as follows:

In the first paragraph under the Disposition, delete the second sentence and replace it with the following sentence:

On remand, the family court shall make each of the required findings under section 2030 and issue an award of attorney's fees and costs, if due, consistent with findings demonstrating a disparity in access and ability to pay.

There is a change in the judgment.

_____

CHAVEZ, Acting P. J.          GILBERT, J.*

*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 4/14/26  Marriage of Saedi v. Kadivar CA2/2 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Marriage of HOUMAN SAEDI and KHADIJEH KADIVAR. | B347642 (Los Angeles County Super. Ct. No. 19STFL00117) |
| HOUMAN SAEDI, Respondent, v. STEPHANIE KADIVAR, Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Melissa C. Lyons, Judge. Reversed and remanded.

Claery & Hammond, Lance R. Claery and Kai W. Lucid for Appellant.

No appearance for Respondent.

Appellant Stephanie Kadivar (appellant) appeals from the family court's order denying her request for attorney's fees and costs against Houman Saedi (respondent) pursuant to Family Code section 2030.[1] Appellant contends the court found a disparity of income but failed to make the required findings under section 2030 for determining a fees award.

We conclude mandatory findings and determinations under section 2030 were not made in the order denying appellant's request for attorney's fees and costs. Thus, we reverse and remand.

## BACKGROUND

**The marriage dissolution and prior related proceedings**

Appellant's daughter, Khadijeh Kadivar,[2] and respondent married in January 2016 and divorced in 2022.[3] There are two minor children from the marriage. The marriage dissolution proceeding went to a multiday trial. Respondent was awarded sole legal and physical custody of the children among other relief.

In December 2023, Khadijeh filed a request for an order to modify child support payments and for attorney's fees and costs in connection thereto. The family court denied Khadijeh's request

---

[1] All undesignated statutory references are to the Family Code.

[2] For purposes of clarity, Khadijeh Kadivar will be referred to by her first name. We mean no disrespect.

[3] Khadijeh appealed from the family court's June 23, 2025 order finding it has jurisdiction to determine whether to reduce the attorney's lien on her property. Khadijeh has since requested to dismiss her appeal. Accordingly, Khadijeh's appeal of the June 23, 2025 order is hereby dismissed.

for attorney's fees and costs, noting she was incarcerated due to a second incident of domestic violence against respondent and the minor children. The court found a fees award was unreasonable because, despite a disparity of income, Khadijeh's incarceration necessitated the motion. Khadijeh appealed the matter. This court reversed the order on the ground the required findings and determinations were not made in accordance with section 2030 (*In re Marriage of Saedi & Kadivar* (June 23, 2025, B340089) [nonpub. opn.]).

**Appellant's request for attorney's fees and costs**

In 2024, appellant sought to join the family law proceedings to secure visitation rights with her grandchildren. While appellant's efforts were initially successful, she ultimately lost visitation rights. In March 2025, appellant filed a request for attorney's fees and costs in connection with her efforts to secure visitation rights, attesting she is retired and surviving on her social security income and other public assistance totaling approximately $1,662 a month. Appellant stated she has no significant assets and expenses, leaving her with no discretionary income each month. Appellant indicated she is living with family, and her financial situation is precarious. In contrast, appellant claims respondent is a successful surgeon who earns approximately $800,000 a year and maintains substantial real estate and other assets. Appellant asserted respondent can easily afford to pay for the legal representation of both parties.

Appellant also attested she gives what she can to assist her grandchildren and daughter through a difficult period. Appellant averred she did her best to keep up with her grandchildren's development and has a strong relationship with them, which was established early in their young lives. Despite living in another

state, appellant reports having visited her grandchildren once or twice a year and has frequent video calls with them.

In opposition, respondent contended a fees award is not appropriate or reasonable regardless of income because appellant pursued a meritless request for visitation. Respondent claimed appellant only saw the grandchildren six times in nine years, stole over $101,317 from the two children in this case, and stole $142,302 from another grandchild. Respondent averred appellant used the stolen money to pay Khadijeh's mortgage arrears and then used the real property equity to secure legal representation for Khadijeh and appellant. In addition, respondent claims appellant failed to disclose her financial records despite a timely discovery demand for them.

On April 25, 2025, the family court heard and denied the request for attorney's fees and costs. In denying the request, the court found, "[w]hile . . . there is a disparity in income, . . . Stephanie Kadivar's request for attorney's fees is unreasonable as the 529 accounts were misused by Stephanie Kadivar and no significant relationship existed between the party and the children . . . ."

Appellant timely appealed.

## DISCUSSION

**The family court failed to make mandatory findings and determinations under section 2030 in deciding if appellant is entitled to attorney's fees and costs**

**Standard of review**

"""On appeal, we review an attorney fee award under section 2030 for an abuse of discretion." [Citation.] . . . [Citation.] Applying the abuse of discretion standard, we consider de novo

4

any questions of law raised on appeal, but will uphold any findings of fact supported by substantial evidence. [Citation.] The trial court's order "will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made."'" (*In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 394.)

***Amendments to section 2030 require a family court to issue an award based on whether findings demonstrated disparity in access and ability to pay***

The current version of section 2030, subdivision (a)(2), states in relevant part: "When a request for attorney's fees and costs is made, the court *shall* make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court *shall* make an order awarding attorney's fees and costs." (Italics added.) The purpose of these provisions is to ensure access to legal representation in marriage dissolution proceedings and any proceeding subsequent to entry of judgment. (*In re Marriage of Knox* (2022) 83 Cal.App.5th 15, 27–28 (*Knox*).) Indeed, the statute provides, "the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 2030, subd. (a)(1).)

"The statutory text relevant to this appeal was added to section 2030 by the 2004 and 2010 amendments." (*Knox, supra*, 83 Cal.App.5th at p. 26.) "The version of section 2030 enacted in 1993 stated the trial court 'may . . . order' attorney fees in certain circumstances." (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1049 (*Morton*).) "The 2004 amendment deleted the word 'may' and inserted text that used the word 'shall' four times." (*Ibid*.) "The 2010 amendment modified section 2030, subdivision (b) to include text stating 'the court shall make findings' and stating 'the court shall make an order awarding attorney's fees and costs' if the findings demonstrated certain conditions." (*Ibid*.)

"The textual changes made by the 2004 and 2010 legislation demonstrate that the discretionary authority granted to trial courts is not as broad as it once was and, currently, trial courts must comply with certain mandatory provisions." (*Morton, supra*, 27 Cal.App.5th at p. 1049.) "[T]he 'broad discretion' referred to in judicial decisions discussing the version of section 2030 predating the 2004 and 2010 amendments no longer exists." (*Ibid*.) "The Legislature has imposed limitations on that discretion and it is no longer accurate to refer to a trial court's 'broad discretion' when describing a trial court's responsibilities under section 2030 as currently in effect." (*Ibid*.)

Section 2030 requires the trial court to make explicit findings on three specific questions: (1) whether an award of attorney's fees and costs is appropriate; (2) whether there is a disparity in access to funds to retain counsel; and (3) whether one party is able to pay for legal representation of both parties. (See *Morton, supra*, 27 Cal.App.5th at p. 1050.) The failure to make explicit findings on these questions is reversible error if there is prejudice—that is, if "there is 'a reasonable probability that in

the absence of the error, a result more favorable to the appealing party would have been reached.'" (*Id*. at p. 1051.) "Pursuant to section 2030, subdivision (a)(2), if the mandatory 'findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs.'" (*Id*. at p. 1053.)

We note the language of section 2030 requiring fees award to be "appropriate" does not show equitable factors can be considered. "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) Here, although section 2030 requires a finding that a fees award is "appropriate," the next sentence of the statute states, "[i]f the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2).) Thus, the purpose of the "appropriate" finding and the two other required findings is to determine whether there is disparity in access and ability to pay. The language indicating the court *shall* award attorney's fees and costs makes such an order mandatory when the findings demonstrate a disparity in access and ability to pay. (See *Knox, supra*, 83 Cal.App.5th at pp. 28–29.) The statute's requirement of a finding that a fees award is "appropriate" is therefore limited to factors relating to disparity to access and ability to pay for legal representation.

Such an interpretation of section 2030 is consistent with other provisions of the statute. Section 2030, subdivision (a)(1), mandates the trial court to ensure each party has access to legal

7

representation to preserve each party's rights by ordering one party to pay the other party whatever amount reasonably necessary based on an income and needs assessment. Thus, if a court could consider equitable factors unrelated to the parties' disparity in access and ability to pay, this would contravene the statute's express purpose. While the family court understandably considered appellant's use of certain funds designated for the children and her relationship with them, such considerations went beyond the scope of section 2030. Accordingly, we conclude the court did not have discretion under section 2030 to consider factors unrelated to disparity in access and ability to pay in deciding whether to award attorney's fees and costs.

Here, the required findings and determinations were not made in accordance with section 2030 with respect to whether appellant is entitled to an award of attorney's fees and costs. The family court found there is a disparity of income between the parties. However, the court made no finding as to whether one party was able to pay for the legal representation of both parties. Further, there was no determination if the findings demonstrated disparity in access and ability to pay for legal representation.

Instead, the family court found an award of attorney's fees is not reasonable because appellant misused the children's 529 accounts and has no significant relationship with the children. These considerations, however, do not involve issues concerning disparity of access and ability to pay and therefore are beyond the scope of the statute. Nothing in the statute indicates such equitable factors may be considered in deciding if the moving party is entitled an award of attorney's fees. Since there is evidence respondent has substantially more funds than appellant, it is reasonably probable appellant would have

8

received a more favorable result. We note none of the circumstances here are materially different from the prior appeal by Khadijeh in *In re Marriage of Saedi & Kadivar, supra*, B340089 as to the denial of her request for attorney's fees and costs. In that matter, this court reversed the denial of the fees award because it was based on equitable factors concerning Khadijeh's conduct and incarceration, not on disparity of access and ability to pay in accordance with section 2030. Accordingly, the matter here must be reversed and remanded for the court to make the required findings and determinations under section 2030.

In short, appellant's request for attorney's fees and costs was improperly denied because the required findings and determinations under section 2030 were not made. While a disparity of income was found, the family court never found whether respondent was able pay for both parties' legal representation or determined if the findings demonstrated a disparity in access and ability to pay. Section 2030 requires the court to ensure access to legal representation based on an income and needs assessment. Thus, facts concerning appellant's misuse of the 529 accounts and her relationship with the children were improperly considered as they went beyond the scope of the statute. The failure to make the required findings and determinations was prejudicial because the record shows there is a reasonable probability appellant is entitled to an award of attorney's fees and costs under section 2030.

## DISPOSITION

The April 25, 2025 order denying appellant's request for attorney's fees and costs is reversed. On remand, the family court

9

shall make each of the required findings under section 2030 and issue an award of attorney's fees and costs consistent with findings demonstrating a disparity in access and ability to pay, if any.

Appellant must bear her own cost on appeal.


CHAVEZ, J.

We concur:


LUI, P. J.


GILBERT, J.*

---

\*     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.